UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN ELECTRICAL EMPLOYEES' PENSION
FUND, Trustees of; et al.,

    Plaintiffs,                                   Case No. 08-CV-1078
                                              Hon. Robert Jonker

v.

AKTION ELECTRICAL CONTRACTING LLC and
ROBERT BAKER,

    Defendants.
_____/

**DEFAULT JUDGMENT AGAINST ROBERT BAKER**

    At a session of said Court, held in Grand Rapids, Michigan,
in the Federal Building, on _____

   HON._____
                    UNITED STATES DISTRICT JUDGE

    Based upon plaintiffs' Motion for Default Judgment Against Robert Baker, with Brief and Affidavit filed in support thereof; and the pleadings previously filed in this matter; the Court, being fully apprized in the premises, has concluded that, pursuant to FRCP 55(b)(2), Plaintiffs are entitled to default judgment against defendant ROBERT BAKER for the relief prayed for in their Complaint.

    Accordingly, IT IS HEREBY ORDERED AND ADJUDGED:

    1.    Defendant Robert Baker is bound to pay contributions to plaintiffs for the benefit of the Funds as alleged in plaintiffs' Complaint.

    2.    Plaintiffs have and recover Judgment from defendant Robert Baker in the amount of $62,391.77, representing the $61,756.77 known indebtedness plus $635.00 in costs and attorneys'

fees and costs incurred by plaintiffs through January 31, 2009, and plaintiffs shall have execution therefor.

3. Defendant Robert Baker shall, within 14 days of the date of this Judgment, submit to plaintiffs for inspection and audit all of the books and records of Aktion Electrical Contracting LLC needed by plaintiffs to determine the amount of defendant's indebtedness for the period April, 2008 until the date of production of such books and records. Submission of such books and records shall be made during normal business hours at the offices of plaintiffs' auditors, TIC International Corporation, 6525 Centurion Drive, Lansing, MI 48917, and the books and records shall remain in the auditors' possession until they have completed a review of same.

4. Plaintiffs are awarded all sums shown by the audit described in paragraph 3 to be due to plaintiffs, plus the sum set forth in paragraph 2, plus liquidated damages, interest, costs and attorneys' fees incurred by plaintiffs in the prosecution of this matter from February 1, 2009 and other amounts to which plaintiffs are entitled pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC 1132(g)(2). Plaintiffs are hereby granted leave to file a Motion for Amended Judgment, which shall be accompanied by an affidavit of plaintiffs' counsel setting out all amounts determined to be due pursuant to the provisions of this Judgment.

5. Post-judgment interest will accrue on the amount set forth in paragraph 2, above, as provided for in 28 USC §1961, from the date of entry of this Judgment, and plaintiffs shall have execution therefor. Post-judgment interest will accrue on all sums shown by the audit described in paragraph 3 to be due to plaintiffs, plus all costs and attorneys' fees incurred by plaintiffs in the

prosecution of this matter pursuant to ERISA Section 502(g)(2), 29 USC 1132(g)(2) from February 1, 2009, from the date of entry of an Amended Judgment.

  6. This Court shall retain jurisdiction over this matter for purposes of enforcement of the provisions of this Default Judgment and any Amended Judgment entered pursuant to paragraph 4 above.

  IT IS SO ORDERED.

                  _____
                  UNITED STATES DISTRICT JUDGE